Joseph Bloomer, Respondent, *v.* Medad T. Morss, Appellant.

(Argued January 29, 1877; decided February 6, 1877.)

This action was brought to restrain the defendant from obstructing the tail-race from plaintiff's mill and to recover damages.

Plaintiff claimed that the raceway was a part of the natural channel of the stream, and that the former owner of defendant's premises gave plaintiff's grantor a license to discharge the water from the mill into such channel. On the trial a witness for plaintiff was asked to state a conversation, during the time of building of the mill, between Hardenburgh, the then owner of plaintiff's premises, and Sprague, who then owned defendant's premises, in which the latter consented that Hardenburgh might deepen the channel for the tail-race of the mill. This was objected to on the ground that Sprague's declarations were not competent against, and that a license from him would not bind his grantee. The objection was overruled and defendant excepted. The claim that plaintiff had a license was afterwards abandoned by him, and he rested his right on the ground that the raceway was part of the natural channel, and this was stated by the judge in his charge.

*Held,* that conceding the evidence to be improper, it could not have injured.

Plaintiff was permitted to prove, under exception, the wages he paid to clear out the stone thrown into the race by defendant. *Held,* no error.

The court, at the request of plaintiff's counsel, charged the jury that if plaintiff increased the volume of water naturally flowing in the stream to the damage of defendant, this did not affect plaintiff's rights in this action, but would be the subject of an action by defendant. *Held,* no error; that if plaintiff increased the flow of water beyond the natural flow, to the injury of defendant, this did not authorize the latter to fill up the channel entirely and to prevent any water flowing therein; and that the injury to defendant was not a counterclaim.

*W. J. Groo* for the appellant.

*T. F. Bush* for the respondent.

*Per curiam* opinion for affirmance.
All concur; ALLEN, J., absent.
Judgment affirmed.